IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CEDAR GRAPHICS INC.** § | |
| *Plaintiff*, § | CIVIL ACTION NO. 1:23-CV-00728 |
| § | |
| **VS.** § | |
| § | |
| **DEREK SPARTA, and** § | |
| **SPARTA GRAPHICS INC.** § | **JURY TRIAL DEMANDED** |
| *Defendants*. § | |

### PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff CEDAR GRAPHICS INC., and files this PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT, complaining of DEREK SPARTA and SPARTA GRAPHICS INC. (collectively "Defendants") and allege the following:

### I. DISCOVERY

1. Plaintiff intends for discovery to be conducted under the Court's scheduling order and Rules 26 to 37 and Rule 45 of the Federal Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery plan tailored to the particular circumstances of this suit.

### II. PARTIES

2. Plaintiff CEDAR GRAPHICS, INC. (hereinafter "Plaintiff" or "Cedar Graphics") is an Iowa corporation located in Linn County, Iowa.

3. Defendant DEREK SPARTA (hereinafter "Sparta") is an individual residing in Travis County, Texas and is the president and registered agent of SPARTA GRAPHICS,

INC. This Defendant can be served with process at 2900 N Quinlan Park Rd, Suite 240B, Austin, Texas 78732 or wherever he may be found.

4.  Defendant SPARTA GRAPHICS, INC. (hereinafter "Sparta Graphics") is a California corporation with its principal office located in Travis County, Texas. This Defendant can be served with process through its registered agent, LAWYER'S AID SERVICE, INC. at 505 WEST 15TH STREET AUSTIN, TX 78701.

### III. JURISDICTION

5.  Pursuant to 28 U.S.C. §1332, the parties in this case are diverse and the matter in controversy exceeds the sum of $75,000.

### IV. VENUE

6.  Venue in this cause is proper in the Western District of Texas because Defendants are subject to this Court's personal jurisdiction with respect to this civil action, and because a substantial part of the events or omissions giving rise to the claim occurred in this District. 28 U.S.C. §1391(b)-(c).

### V. FACTS

7.  On or about May 17, 2022, Plaintiff entered into a Credit Agreement (hereinafter "Contract") with Defendants. The contract provided that Plaintiff was to provide credit to Defendants on an open account in the form of printing and shipping services.

8.  Plaintiff specifically negotiated the repayment schedule with Defendants, who expressly agreed to such provisions within the Contract in order to induce Plaintiff into signing the contract with Defendants. Defendants specifically represented to Plaintiff that the Plaintiff would be paid for its services within thirty (30) days of the invoice in accordance with the payment schedule.

9. Defendants failed to comply with the repayment provisions and duties under the contract documents. Plaintiff made multiple attempts to reach out to Defendants. These requests were entirely ignored by Defendants.

10. Plaintiff did not discover until very recently that Defendants would refuse to abide by the contract. As a result of Defendants' fraudulent misrepresentations and non-disclosures, Plaintiff has not received its repayment of the credit under the contract documents, nor were the representations made by Defendants true.

11. Defendants defrauded Plaintiff, made material misstatements to induce Plaintiff into signing the contract documents, used the corporate form the promote such fraud, and refused to pay $202,436.55 owed to Plaintiff for the open account and services rendered.

## VI. BASIS OF LIABILITY AGAINST ALL DEFENDANTS

12. In connection with the conduct described above, Plaintiff now brings the following claims against all Defendants: (1) Breach of Contract; (2) Suit on Sworn Account; (3) Unjust Enrichment; (4) Quantum Meruit; (5) Fraud; and (6) Negligence.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

13. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

14. The acts and omissions of Defendants described above constitute breach of contract, which was a proximate cause of the direct and consequential damages to Plaintiff, and for which Plaintiff hereby sues.

15. Defendant SPARTA is the owner and registered agent of SPARTA GRAPHICS.

Both Defendants and Plaintiff executed the contract for this open account and services. Plaintiff relied on Defendants' representations that Defendants would honor the contract. Defendants seek to utilize the corporate form to defraud Plaintiff, but the Court is requested to pierce the veil and to hold Defendant SPARTA directly liable for his breaches.

16. Plaintiff completed its portion of the contract by providing the open credit account and providing the printing and shipping services to Defendants. Defendants materially breached the contract by not adequately performing under the contract. Further, Defendants refused to provide Plaintiff with the agreed upon timely payments for the services rendered, thereby violating the Contract.

17. Due to Defendants' material breach of the Contract agreed upon by all parties, Plaintiff suffered damages. Since Plaintiff performed under the contract by open credit account and providing the printing and shipping services as agreed, Plaintiff is entitled to its direct damages, consequential damages, attorney's fees, and any other recoverable damages at law.

## SECOND CAUSE OF ACTION: SUIT ON SWORN ACCOUNT

18. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

19. Plaintiff provided services to Defendants on an open account. Defendants accepted the services and became bound to pay Plaintiff for those services. Defendants have not paid for the services it received, as outlined above, and currently owe Plaintiff $202,436.55. The amount on this open account is just and true and is due. The prices charged to Defendants are usual, customary and reasonable, and in accordance with the agreement of the parties.

All lawful offsets, payments, and credits have been applied to the open account. The amount owed remains. Plaintiff files this Complaint under oath pursuant to the verification attached hereto as **Exhibit 1**.

### THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

20. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

21. Plaintiff provided Defendants with an open credit account, to which Defendants benefitted. Defendants failed to pay for the services and open credit account balance. As such, Defendants were unjustly enriched and owe Plaintiffs for such services.

### FOURTH CAUSE OF ACTION: QUANTUM MERUIT

22. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

23. Alternatively, and without waiving the foregoing, Plaintiff pleads that Defendants have been unjustly enriched. Plaintiff provided services to Defendants. Defendants accepted the services and had reasonable notice that Plaintiff expected compensation for the services. Therefore, Defendants should pay for the benefits received.

### FIFTH CAUSE OF ACTION: COMMON LAW FRAUD

24. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

25. On or about May 17, 2022, Plaintiff entered into a contract with Defendants, by

which Plaintiff provided an open credit account to Defendants for printing and shipping services. In order for Plaintiff to enter into this contract, Defendants knowingly made representations to Plaintiff that Defendants would honor the entirety of the agreement, especially the financial arrangement. However, to date, this has still not been done.

26.     Further, these representations made by Defendants were material. A material representation is one in which "a reasonable person would attach importance to and would be induced to act on ... in determining his choice of actions in the transaction in question." *Samson Lone Star Ltd. P'ship v. Hooks*, No. 01-09-00328-CV, 2016 Tex. App. WL 1019217 (Tex. App.—Houston [1st Dist.] March 15, 2016, no pet. h.). Plaintiff here would not have executed the Contract if it had been disclosed Defendants would not honor the agreement made.

## SIXTH CAUSE OF ACTION: NEGLIGENCE

27.     Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

28.     Defendants owed a duty of reasonable and ordinary care in timely paying the open balance for the services rendered after execution of the contract between them and the Plaintiff. However, the Defendants failed to exercise ordinary care in carrying out its contractual duties in the following manners:

   a.   Acting negligently or incompetently while acting as customer of Plaintiff;

   b.   Engage in conduct that is dishonest or in bad faith or that demonstrates untrustworthiness while acting as a customer and debtor on the open credit account;

  c. Making a material representation to Plaintiff concerning timeliness of payment, which would be a significant factor to a reasonable and prudent service provider in making a decision, while acting as a customer and debtor;

  d. Failing to timely repay the invoices due after Plaintiff's services were performed;

  e. Failing to disclose material facts that would not be discoverable by the exercise of ordinary care and diligence by our client, or that a reasonable investigation would uncover; and

  f. Failing to pay money received in the form of open credit for services rendered as a reasonably prudent customer and debtor would in the same or similar circumstances.

29. Each of such acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the Plaintiff's damages.

## VII. DAMAGES

30. Plaintiff now seeks and requests an award granting the following relief:

  a) Actual and consequential damages;

  b) All statutory damages;

  c) All reasonable and necessary attorneys' fees through the time of trial, and such further attorneys' fees in the event this matter is appealed;

  d) All expert fees and costs;

  e) All costs of Court and in all appellate courts; and

  f) All such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

## VIII. JURY DEMAND

31. Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury. Pursuant to Rule 81(c)(3)(A), Plaintiff demands a jury trial.

## IX. PRAYER

32. WHEREFORE, PREMISES CONSIDERED, Plaintiff CEDAR GRAPHICS INC. respectfully prays for the following: (i) that Plaintiff recover on its claims, including costs; (ii) that Defendants take nothing; (iii) that Plaintiff shall be awarded its reasonable and necessary attorneys' fees; and (iv) that Plaintiff be awarded such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EDWARDS SUTARWALLA PLLC**

By: /s/ M. Sutarwalla

Murtaza F. Sutarwalla
State Bar No. 24056398
Fed. Id. No. 2589991
George Edwards III
State Bar No. 24055438
Fed. Id. No. 1031248
Stephany M. Simien
State Bar No. 24117297
Fed. Id. No. 3698005

Edwards Sutarwalla PLLC
602 Sawyer St Suite 490
Houston, Texas 77007
Office: 713-565-1353
Email: murtaza@eslawpartners.com
Email: george@eslawpartners.com
Email: stephany@eslawpartners.com
**ATTORNEYS FOR PLAINTIFF**